UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAREDO ROBLE,

Petitioner,

v.

CHRISTOPHER LAROSE, SENIOR WARDEN,

Respondents.

Case No.:  26cv843-LL-BJW

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**[ECF No. 14]**

Before the Court is Petitioner Saredo Roble's Amended Petition for Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2241. ECF No. 14. The Court denied Petitioner's previous habeas petition without prejudice on March 27, 2026. ECF No. 12. Respondents filed a Return, and Petitioner filed a Traverse. ECF Nos. 16, 17. For the reasons set forth below, the Court **DENIES** without prejudice Petitioner's instant Petition.

## I.      BACKGROUND

For ease of reference, the Court incorporates by reference the background section from the March 27, 2026 Order issued in this case. *See* ECF No. 12 at 1-3. Petitioner's instant Petition seeks Petitioner's immediate release on the grounds that her continued "detention violates *Zadvydas* and 8 U.S.C. § 1231." Pet. at 10. Petitioner argues that she "demonstrates that there is no significant likelihood [of] removal in the reasonably foreseeable future" and that "ICE must provide adequate notice and an opportunity to be heard before removing Ms. Roble to a third country." *Id*. at 13, 15-16. Respondents filed a Return in which they argue that "Plaintiff's four-month detention falls well within the

removal period deemed reasonable under *Zadvydas*" and that "the Court lacks jurisdiction over Petitioner's remaining arguments." ECF No. 16 at 3-5 (hereinafter "Return").

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner argues in her operative Petition that her detention violates *Zadvydas* and 8 U.S.C. § 1231. Pet. at 9; *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Specifically, Petitioner argues that she has rebutted the presumption that her removal is reasonably foreseeable, because she remains in custody and Respondents have made "zero progress on removing her." Pet. at 3.

Respondents argue that Petitioner's "four-month detention falls well within the removal period deemed reasonable under *Zadvydas*" and that efforts to remove Petitioner to Uganda are progressing. Return at 3. Respondents state in relevant part:

> Since Petitioner was ordered removed, the agency has worked diligently to effectuate her removal to Uganda, a country she had a full opportunity to oppose during her immigration hearing; ICE does not intend to remove Petitioner to a third country. Efforts to remove Petitioner to Uganda are progressing. *See* Cole Decl., ¶¶10-11, ECF No. 7.1.

> On January 20, 2026, ICE submitted a travel document request for Uganda to ERO Removal and International Operations (RIO) headquarters for review. *Id.* at ¶12. On February 19, 2026, ICE requested an update from RIO headquarters. On February 26, 2026, RIO informed ICE that the travel document request was forwarded to the Ugandan government for review. *Id.*

at ¶¶ 13-14. That remains the current status. Return at 2-3.

The Court finds that Petitioner's detention of approximately four months is presumptively reasonable, and therefore her claim is premature. *See Zadvydas*, 533 U.S. at 701; *see also, e.g.*, *Khalilova v. Smith*, No. 25-CV-2140 JLS (DDL), 2025 WL 3089522, at *3 (S.D. Cal. Nov. 5, 2025) (finding the petitioner's habeas petition premature when the six-month period had not passed). Additionally, Petitioner has not met her burden to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The cases that Petitioner relies on to support her argument that other courts have found that petitioners rebutted the presumption are not applicable to Petitioner's facts. For example, Petitioner cites to *Riveros Cadavid v. Dep't of Homeland Security*, No. EDCV 26-01805-KK-DTBX, 2026 WL 1105032, at *4 (C.D. Cal. Apr. 17, 2026). However, in that case, Petitioner's habeas petition was unopposed. Also, the government in that case sought to remove the petitioner to a third-country removal of Honduras to which petitioner had no ties. Unlike the petitioner in *Riveros Cadavid*, in this case, Uganda is not a third-country removal as Petitioner resided there from March 2016 through March 2018; and then again from January 2019 through July 2019. ECF No. 10 at 17-18. Accordingly, the Court finds that Petitioner's current detention does not violate *Zadvydas* or the Due Process Clause.

Additionally, Petitioner's argument that she is entitled to notice and an opportunity to be heard before removing her to a third-country is also without merit because Uganda is not a third-country removal for Petitioner. As set forth above, Petitioner resided in Uganda for almost two and a half years. Accordingly, Petitioner's arguments on this basis also have no merit.

/ / /

/ / /

/ / /

/ / /

26cv843-LL-BJW

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition (ECF No. 14) without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  June 15, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv843-LL-BJW